UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA DE JESUS A. GARCIA, | ) | 1:09-cv-00374-AWI-SMS |
| | ) | |
| Plaintiff, | ) | **ORDER DEEMING PLAINTIFF'S** |
| | ) | **REQUEST AND NOTICE AS MOTIONS** |
| v. | ) | **TO PROCEED PRO SE** |
| | ) | (Docs. 8 & 11) |
| HOMEQ SERVICING CORPORATION, | ) | |
| et al., | ) | **ORDER GRANTING PLAINTIFF'S** |
| | ) | **MOTIONS TO PROCEED PRO SE** |
| Defendants. | ) | |
| | ) | **ORDER RELIEVING MITCHELL ROTH** |
| | | **AS PLAINTIFF'S ATTORNEY OF** |
| | | **RECORD** |
| | | |
| | | **INFORMATIONAL ORDER** |
| | | **FOR PRO SE LITIGANTS** |

Plaintiff is proceeding with an action for damages and other relief concerning alleged unfair debt collection practices, predatory lending practices, and Racketeer Influenced and Corrupt Organizations ("RICO") violations.

On or about April 13, 2009, the court became aware of the Notice of Cessation of Law Practice of Mitchell Roth, and MW Roth, PLC, filed on or about April 2, 2009, in the Los Angeles County Superior Court by the State Bar of California.

//

1

1   On April 23, 2009, plaintiff filed a letter with the court
2 regarding Mitchell Roth, and requested that the court consider
3 the circumstances and allow her to represent herself (Doc. 8).
4   On June 5, 2009, at approximately 10:15 a.m., plaintiff
5 personally presented herself in the Clerk's Office inquiring
6 about the status of the attorney on her case.  She also presented
7 a notice for filing with the court (Doc. 11) regarding the same
8 issues with her attorney, again requesting that the court
9 consider the circumstances and allow her to represent herself,
10 and verbally inquired of Clerk's Office staff when the court
11 would be addressing the status and/or her requests.
12   Therefore, in light of the State Bar's Notice of Cessation
13 of Law Practice of Mitchell Roth, and MW Roth, PLC, and in light
14 of plaintiff's repeated requests (Docs. 8 & 11) to proceed pro
15 se, IT IS HEREBY ORDERED that:
16   1.  Plaintiff, MARIA DE JESUS GARCIA, is GRANTED permission
17 to proceed PRO SE; and,
18   2.  MITCHELL ROTH is RELIEVED as her attorney of record.

**INFORMATIONAL ORDER FOR PRO SE LITIGANTS**

20   Pro se plaintiff shall take careful note of the following
21 requirements:
22   In litigating this action, the parties must comply with the
23 Federal Rules of Civil Procedure ("Federal Rules"), which can be
24 found on the court's website at www.caed.uscourts.gov, and the
25 Local Rules of the United States District Court, Eastern District
26 of California (effective 1/3/05 and amended 6/2/08) ("Local
27 Rules"), a free copy (totaling 272 pages) of which may be
28 obtained in the Clerk's Office, or which can also be found on the

court's website at www.caed.uscourts.gov. This order highlights specific rules of which pro se plaintiff should take particular note. **Failure to comply with the Local Rules, Federal Rules, and/or a court order, including this order, will be grounds for dismissal, entry of default, or other appropriate sanctions for noncompliance with rules.** *See* Local Rule 11-110 (below); Fed.R.Civ.P. 41(b).

### RULE 11-110

### SANCTIONS FOR NONCOMPLIANCE WITH RULES

Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

1.  Documents intended to be filed with the court must be presented to or mailed to the Clerk's Office (at 2500 Tulare Street, Suite 1501, Fresno, CA, 93721). *See* Local Rule 5-134(a) (below).

### RULE 5-134

### TIME OF FILING

**(a)  Filing Complete.** E-mailing a document to the Clerk's Office or to the Court (as opposed to Internet electronic filing) shall not constitute "filing" of the document. Except as noted in L.R. 77-121 for the filing of initial documents, a document filed electronically shall not be considered filed for purposes of these Local Rules or the Federal Rules of Civil or Criminal Procedure until the filing counsel receives a system-generated "Notice of Electronic Filing." See L.R. 5-135. Paper filings, when permitted or required by these procedures, shall be complete upon presentation to the Clerk's Office.

**All documents improperly mailed directly to a judge's chambers will be stricken from the record.**[1] A document requesting a court order must be styled as and titled as a motion. *See* Fed.R.Civ.P. 7.

---

[1] When a document is stricken, it becomes a nullity and is not considered by the Court for any purposes.

2. Each document submitted for filing must include the original signature of the filing party or parties. *See* Local Rule 7-131(b) (below); Fed.R.Civ.P. 11(a).

### RULE 7-131

### COUNSEL IDENTIFICATION AND SIGNATURES

**(b)  Signatures Generally.** All pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in propria persona. Affidavits and certifications shall be signed by the person executing the document. The name of the person signing the document shall be typed underneath the signature. See Fed. R. Civ. P. 11. If a document is submitted to the Clerk's Office via portable electronic media, signatures shall appear either as a facsimile of the original (in a scanned document placed on portable electronic media), or on a separate, scanned signature page if the document was published to .pdf and then placed on portable electronic media. In the latter situation, the docket shall reflect the submission of the signature page.

**All documents submitted without the required signature(s) will be stricken.** Each separate document must be separately stapled. *See* Local Rule 7-130. If a document is stapled behind another document, it will not be filed and will not be entered on the court's docket.

3. All documents filed with the court must be submitted with an additional legible (conformed) copy for the Court's use. *See* Local Rule 5-133(d)(2) (below).

### RULE 5-133

### FILING AND CONTENTS OF DOCUMENTS

**(d)    Paper Documents**

**(2)    Filing of Multiple Copies of Paper Documents.** One additional legible conformed copy of all paper documents to be filed or lodged shall be delivered to the Clerk, for the Court's use, except that in actions to be heard by a District Court composed of three Judges, three additional legible conformed copies of each brief and supporting documents shall be delivered to the Clerk.

**A document submitted without an extra copy for the Court's use will be stricken.** If the filing party wishes the court to return a "FILED"-stamped copy, the filer must include an additional copy

4

for that purpose (i.e., an original and two copies, one for the Court's use and one to be returned to the filer). **The court cannot provide copying or mailing services for any party** (even for an indigent plaintiff proceeding in forma pauperis). Therefore, if the filing party wishes a "FILED"-stamped copy returned, the filing party must also provide a self-addressed stamped envelope with adequate pre-paid postage. Copies of documents from the court file may be obtained at the cost of 50 cents ($.50) per page.

    4.   After any defendants have appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the court must include a certificate or proof of service stating that a copy of a particular document was served on the opposing party. *See* Fed.R.Civ.P. 5; Local Rule 5-135(c) (below).

## RULE 5-135

### SERVICE OF DOCUMENTS DURING ACTION

**(c)**     **Proof of Service for Paper Documents.** When service of any pleading, notice, motion, or other document required to be served is made, proof of such service shall be endorsed upon or affixed to the original of the document when it is lodged or filed. Except for ex parte matters, a paper document shall not be submitted for filing unless it is accompanied by a proof of service. Proof of service shall be under penalty of perjury and shall include the date, manner and place of service.

A proof of service shall be under penalty of perjury and shall include the date, manner, and place of service. Id. **A document submitted without the required proof of service will be stricken**. Where a party is represented, service on the party's attorney of record constitutes effective service.

    In this particular case, defendant, Homeq Servicing Corporation, is represented as follows:

5

**Eric D Houser, Esq.**
Houser & Allison
3760 Kilroy Airport Way, Suite 260
Long Beach, CA 90806
949-679-1111 ~ ext. 212
949-679-1112 ~ fax

5. All filings must bear the file or case number assigned to the action, followed by the first set of initials of the District Court Judge and the second set of initials of the Magistrate Judge to whom the case is assigned.

The correct and complete case number for this particular case is as follows:

**1:09-cv-00374-AWI-SMS**

6. The court cannot serve as a repository for the parties' evidence. The parties may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). **Evidence improperly submitted to the court will be stricken.**

7. The Eastern District of California converted to an electronic filing, service, and storage system effective January 3, 2005. Pro se litigants are exempt from the electronic filing requirement and must submit all documents to the court in paper. Local Rule 5-133(b)(2) (below).

**RULE 5-133**

**FILING AND CONTENTS OF DOCUMENTS**

**(b)   Exceptions**

**(2)   Pro Se Party Exception.** Any person appearing pro se may **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge. See L.R. 5-133(b)(3). All pro se litigants shall file and serve paper documents as required by applicable Federal Rules of Civil or Criminal Procedure or by these Local Rules.

6

Paper documents submitted by pro se litigants for filing will be scanned into the electronic court file by the Clerk's Office. After being scanned into the electronic court file, the paper documents will be retained in the Clerk's Office for a limited period of time and then discarded.  *See* Local Rule 39-138(c)(3) (below).

## RULE 39-138

### FILES AND RECORDS – EXHIBITS

**(c)(3)   Retention of Scanned Documents.** Originals of documents requiring scanning that are filed electronically must be retained by the filing counsel and made available, upon request, to the Court and other parties, for at least one year after final judgment and completion of all appeals. If law, including state law concerning attorney practice, or the needs of the case require further retention, filing counsel shall retain the originals for the necessary period.

For this reason, pro se litigants are cautioned not to send original exhibits to the court.  When it is appropriate for pro se litigants to submit exhibits to the court, the litigants shall retain their original exhibits and send photocopies to the court.

   8.   All court deadlines will be strictly enforced. Requests for extensions of time must state the reason the extension is needed, and must be filed with the court before the deadline in question has passed.  *See* Local Rule 6-144.

   9.   A plaintiff proceeding in propria persona or pro se has an affirmative duty to keep the court and opposing parties informed of a current address.  If a plaintiff moves and fails to file a notice of change of address, service of court orders at plaintiff's prior address shall constitute effective notice.  *See* Local Rule 83-182(f) (below).

//

/

7

## RULE 83-182

### ATTORNEYS - APPEARANCE AND WITHDRAWAL

**(f)    Change of Address.** Each attorney appearing and each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the party if appearing in propria persona. Absent such notice, service of documents at the prior address of the attorney or party shall be fully effective. Separate notice shall be filed with the Clerk and served on all parties in each action wherein an appearance has been made.

If mail directed to a pro se plaintiff is returned by the United States Postal Service as undeliverable, the court will not attempt to re-mail it. **If a pro se plaintiff's address is not updated within sixty (60) days of the mail being returned, the action will be dismissed for failure to prosecute.** *See* Local Rule 83-183(b) (below).

## RULE 83-183

### PERSONS APPEARING IN PROPRIA PERSONA

**(b)    Address Changes.** A party, appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

   10.   Due to the press of business, the Court (normally) cannot respond to individual requests for the status of cases. Any such requests will (normally) be denied. So long as the parties inform the court of any address changes in compliance with Local Rule 83-183(b), the court will notify the parties in due course of any court action taken in their case.

   11.   Defendants must reply to the complaint within the time provided by the applicable provisions of Fed.R.Civ.P. 12(a).

//

/

In this particular case, defendant replied to plaintiff's complaint by filing a motion to dismiss on March 6, 2009 (Doc. 5), which was taken under submission for decision by Judge Ishii on April 21, 2009 (Doc. 7), the very reason the Court continued the scheduling conference from June 9, 2009 to September 15, 2009 (Doc. 10), to allow Judge Ishii time to rule on the pending and potentially dispositive motion.

Additionally, regarding the scheduling conference set on September 15, 2009, pro se plaintiff's attention is directed to the court's standard Order Setting Mandatory Scheduling Conference filed on February 27, 2009 (Doc. 4), for the court's rules and requirements in properly preparing for the scheduling conference, and for meeting and conferring with defense counsel to timely prepare and file a Joint Scheduling Report, in compliance with Exhibit "A" attached thereto, by September 8, 2009, depending upon the ruling on the motion to dismiss.

12.  Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Fed.R.Civ.P. 7, 11, 12, 15, 41, 55, 56, 59, and 60, and motions pursuant to Local Rule 11-110 shall be briefed pursuant to Local Rule 78-230(b) (below).

**RULE 78-230**

**CIVIL MOTION CALENDAR AND PROCEDURE**

**(b)    Notice, Motion, Brief and Evidence.** Except as otherwise provided in these Rules or as ordered or allowed by the Court, all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge. The moving party shall file with the Clerk a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion. The matter shall be set for hearing on the motion calendar of the Judge or Magistrate Judge to whom the action has been assigned or before whom the motion is to be heard, not less than twenty-eight (28) days after personal service and filing of the motion or not less

> than thirty-one (31) days after mailed or electronic service and filing of the motion. Motions defectively noticed shall be filed, but not set for hearing; the Clerk shall immediately notify the moving party of the defective notice and of the next available dates and times for proper notice, and the moving party shall file and serve a new notice of motion setting forth a proper time and date. See L.R. 5-135, 6-136(a).

Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion.  See Local Rule 78-230(c) (below).

**RULE 78-230**

**CIVIL MOTION CALENDAR AND PROCEDURE**

> **(c)     Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed with the Clerk not less than fourteen (14) days preceding the noticed (or continued) hearing date. Opposition shall be personally on opposing counsel not less than fourteen (14) days preceding the hearing date (personal service) or mailed or electronic service not less than seventeen (17) days preceding the hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. See L.R. 5-135(a), 6-136(a).

    13.  At some point in the litigation, defendant(s) may move for summary judgment as to some or all of plaintiff's claims. Pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendant(s) pursuant to Fed.R.Civ.P. 56.  Such a motion is a request for an order for judgment on some or all of plaintiff's claims in favor of defendant(s) without trial.  *See* Fed.R.Civ.P. 56(b).  Defendant's motion will set forth the facts which defendants contend are not reasonably subject to dispute and that entitle defendants to judgment as a matter of law.  *See* Fed.R.Civ.P.  56(c).

         Plaintiff has the right to oppose a motion for summary judgment.  To oppose such a motion, plaintiff must show proof of her claims.  Plaintiff may agree with the facts set forth in

defendant's motion but argue that defendant is not entitled to judgment as a matter of law.  Plaintiff may show defendant's facts are disputed in one or more of the following ways:

(1)  Plaintiff may rely upon statements made under the penalty of perjury in the complaint *if* the complaint shows that plaintiff has personal knowledge of the matters stated, and *if* plaintiff calls to the Court's attention those parts of the complaint upon which plaintiff relies.

(2)  Plaintiff may also file and serve affidavits or declarations[2] setting forth the facts which plaintiff believes prove plaintiff's claims (the persons who sign the affidavit or declaration must have personal knowledge of the facts stated).

(3)  Plaintiff may also rely upon written records but must prove that the records are what plaintiff claims they are.[3]

(4)  Plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or requests for admissions obtained in this proceeding.

Should plaintiff fail to contradict defendant's motion with affidavits, declarations, or other evidence, defendant's evidence will be taken as truth, and final judgment may be entered without a full trial.  *See* F.R.Civ.P. 56(e).

---

[2] An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Affidavits and declarations must be made on personal knowledge and must set forth facts as would be admissible in evidence. *See* F.R.Civ.P. 56(e).

[3] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party.  F.R.Civ.P. 56(e).

11

1    If there is some good reason why such facts are not
2 available to plaintiff when required to oppose such a motion, the
3 Court will consider a request to postpone considering defendant's
4 motion.  *See* Fed.R.Civ.P. 56(f).  If plaintiff does not file and
5 serve a request to postpone consideration of defendant's motion,
6 or written opposition to the motion, the Court may consider
7 plaintiff's failure to act as a waiver of opposition to
8 defendant's motion.  Plaintiff's waiver of opposition to
9 defendant's motion may result in the entry of summary judgment
10 against plaintiff.

11    13.  A motion supported by affidavits or declarations that
12 are unsigned will be stricken.

13    14.  The failure of any party to comply with this order, the
14 Federal Rules of Civil Procedure, or the Local Rules of Court,
15 may result in the imposition of sanctions including, but not
16 limited to, dismissal of the action or entry of default.

17    15.  The following is a copy of the current court docket for
18 reference to a specific document discussed herein by "(Doc.)":

| Date Filed | # | Docket Text |
|---|---|---|
| 02/27/2009 | 1 | NOTICE of REMOVAL *BASED UPON FEDERAL QUESTIONS JURISDICTION* from Fresno County Superior Court, case number 08CECG04395. by HomEq Servcing Corporation. (Attachments: # 1 Civil Cover Sheet)(Houser, Eric) (Entered: 02/27/2009) |
| 02/27/2009 | | (Court only) SUBMISSION of CREDIT CARD INFORMATION for Removal from State Court Filing Fee in the amount of $350.00; Type of Credit Card: American Express Name as it appears on Credit Card: Eric D. Houser Contact Telephone Number: 949-679-1111 Street: 9970 Research Drive Zip code: 92618 Credit Card Number: xxxx-xxxx-xxxx-xxxx Expiration Date: xx/xx Security Code: xxx (Houser, Eric) (Entered: 02/27/2009) |

| | | | |
|---|---|---|---|
| 1 | 02/27/2009 | 2 | BRIEF *CERTIFICATION AND NOTICE OF INTERESTED PARTIES* by HomEq Servcing Corporation. (Houser, Eric) (Entered: 02/27/2009) |
| 2 | 02/27/2009 | 3 | (Court only) PROCESS CREDIT CARD (Hellings, J) (Entered: 02/27/2009) |
| 3 | 02/27/2009 | | RECEIPT number CAE100006160 for $350. for Civil Case Filing Fee, from Eric D. Houser. (Hellings, J) (Entered: 02/27/2009) |
| 4 | 02/27/2009 | 4 | CIVIL NEW CASE DOCUMENTS ISSUED; Initial Scheduling Conference set for 6/9/2009 at 09:30 AM in Courtroom 7 (SMS) before Magistrate Judge Sandra M. Snyder. (Attachments: # 1 Consent Forms, # 2 VDRP Forms) (Flores, E) (Entered: 02/27/2009) |
| 5 | 03/06/2009 | 5 | MOTION to DISMISS by Homeq Servicing Corporation. Motion Hearing set for 4/27/2009 at 01:30 PM in Courtroom 2 (AWI) before Chief Judge Anthony W. Ishii. (Houser, Eric) (Entered: 03/06/2009) |
| 6 | 03/06/2009 | 6 | REQUEST for JUDICIAL NOTICE by Homeq Servicing Corporation in re 5 Motion to Dismiss. (Houser, Eric) (Entered: 03/06/2009) |
| 7 | 04/21/2009 | 7 | ORDER VACATING Hearing Date of April 27, 2009, and Taking Matter Under Submission, Signed by Chief Judge Anthony W. Ishii on 4/20/2009. MOTIONS SUBMITTED: 5 Motion to Dismiss. (Arellano, S.) (Entered: 04/21/2009) |
| 8 | 04/21/2009 | | SERVICE BY MAIL: 7 Order served on Mitchell W. Roth. (Arellano, S.) (Entered: 04/21/2009) |
| 9 | 04/23/2009 | 8 | LETTER from Plaintiff, Maria de Jesus A. Garcia re Attorney Mitchell Roth and REQUEST to Proceed Pro Se. (Arellano, S.) (Entered: 04/23/2009) |
| 10 | 04/27/2009 | 9 | NOTICE of CHANGE of ADDRESS to 4120 N. Valentine, Apt. 107, Fresno CA 93722 by Maria De Jesus Garcia. (Scrivner, E) (Entered: 04/28/2009) |
| 11 | 05/27/2009 | 10 | MINUTE ORDER **TEXT Only**: Initial SCHEDULING CONFERENCE is continued from 6/9/09 to September 15, 2009 at 09:30 AM in Courtroom 7 (SMS) before Judge Sandra M. Snyder. signed by Judge Sandra M. Snyder on 5/27/2009. NOTE: currently under submission before Judge Ishii is a Motion to Dismiss.(Herman, H) (Entered: 05/27/2009) |
| 12 | 05/27/2009 | | SERVICE BY MAIL: 10 Minute Order - continued Scheduling Conference from 6/9/09 to 9/15/09, served on Maria De Jesus Garcia, Mitchell W. Roth NCAED. (Herman, H) (Entered: 05/27/2009) |
| 13 | 06/09/2009 | 11 | NOTICE by Maria De Jesus Garcia (Lundstrom, T) (Entered: 06/09/2009) |

IT IS SO ORDERED.

**Dated:   June 15, 2009**            /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE