UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DE JESUS A. GARCIA,<br><br>        Plaintiff,<br><br>        v.<br><br>HOMEEQ SERVICING CORPORATION, and DOES 1-50, inclusive,<br><br>        Defendant. | CIV-F-09-0374 AWI SMS<br><br>ORDER RE: MOTION TO DISMISS |

**I. History**[1]

Plaintiff, Maria De Jesus A. Garcia, was the owner of property at 5431 North Carlsbad, Fresno, California 93722 ("Property"). Plaintiff obtained a mortgage on the Property through third party Fremont Investment and Loan in August 2005. Defendant Barclays Capital Real Estate, Inc. dba HomEq Servicing serviced this mortgage. Plaintiff fell behind on the mortgage payments and foreclosure proceedings were began. A notice of default was issued on August 26, 2008. A notice of trustee sale was issued on December 1, 2008, stating that the Property would be sold at auction on December 18, 2008. Plaintiff states that Defendant "purchased the Subject

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

Property at a foreclosure sale conducted on or about 12/18/2008." Doc. 1, Complaint, at 8:1-3. Defendant provides a copy of a trustee's deed upon sale recorded on December 24, 2008, that shows the Property was sold to the foreclosing beneficiary, third party US Bank National Association. Doc. 6, at 21-22. On January 13, 2009, Plaintiff received a notice to quit the Property within three days. On January 27, 2009, third party US Bank National Association filed suit against Plaintiff in Superior Court of California, County of Fresno as she had not relinquished possession of the Property. The Fresno County Sheriff's Office left a notice to vacate with Plaintiff, setting March 10, 2009 as a date for eviction.

On December 19, 2008, Plaintiff filed suit in the Superior Court of California, County of Fresno against Defendant. Plaintiff seeks relief under the Rosenthal Fair Debt Collections Act, Federal Fair Debt Collections Act, Real Estate Settlement Procedures Act, Home Ownership and Equity Protection Act, Truth in Lending Act, Regulation Z, Federal Trade Commission Act, and the Racketeering and Corrupt Organizations statutes. Defendant removed the case to federal court on February 27, 2009 based on federal question jurisdiction. Defendant has moved to have the case dismissed for failure to state a claim. Plaintiff had been represented in this matter by the law firm of M.W. Roth. That firm is no longer operational. The court received a letter from Plaintiff on April 23, 2009 in which she asked to represent herself and stated, "my position is stated in the attached copy of the complaint." Doc. 8, at 1. The request to proceed pro se was granted. Doc. 12. The matter was taken under submission without oral argument.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), citations omitted.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citations omitted.  The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds at 127 S. Ct. 1955, 1969.  Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  At the other bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint.  "There are, however, two exceptions....First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss...If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record."

3

<u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted.  The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." <u>Broam v. Bogan</u>, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995).  In other words, leave to amend need not be granted when amendment would be futile. <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 898 (9th Cir. 2002).

### III. Discussion

The basis of Plaintiff's suit is her contention that Defendant does not have the legal authority to foreclose on her property.  Plaintiff makes the general statement "Upon information and belief, HOMEQ SERVICING CORPORATION is not and was not the holder of the note, payment of which was secured by the Security Instrument, nor is it or was it in possession of the note properly endorsed to it, nor is it otherwise entitled by law in this State to initiate foreclosure under the Security Instrument....Defendant HOMEQ SERVICING CORPORATION knew or reasonably should have known that it had no right to foreclose the Security Instrument unless and until it actually had in its possession the original note properly endorsed to it or assigned to it as of a date preceding the notice of default recorded by the Trustee." Doc. 1, Complaint, at 2:16-26.

4

At base, Plaintiff alleges that Defendant does not have possession of the note and thus, no right to foreclose.

Physical possession and legal status as holder of a note are distinct concepts. The holder of the note is the party entitled to enforce it. See In re Kang Jin Hwang, 393 B.R. 701, 707 (Bankr. C.D. Cal. 2008). The general language of the complaint occasionally suggests that Plaintiff doubts Defendant's legal status as holder of the note but the specific allegations make clear that Plaintiff is suing under the belief that Defendant does not have physical possession. The court finds that Plaintiff's complaint is limited to claims that Doe lacks physical possession of the note. "Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan. The deed of trust is recorded to give notice to future lenders and purchasers that the property is encumbered by an outstanding loan. Legal title to the property is held by a trustee until the loan is repaid in full." Bartold v. Glendale Federal Bank, 81 Cal. App. 4th 816, 821 (Cal. App. 4th Dist. 2000). "The statutory scheme can be briefly summarized as follows. Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale (Cal. Civ. Code §2924). The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee (Cal. Civ. Code §2924). After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale (Cal. Civ. Code §2924(b)). After the 3-month period has elapsed, a notice of sale must be published, posted and mailed 20 days before the sale and recorded 14 days before the sale (Cal. Civ. Code §2924f). The trustee may postpone the sale at any time before the sale is completed (Cal. Civ. Code §2924g(c)(1)). If the sale is postponed, the requisite notices must be given (Cal. Civ. Code §2924g(d)). The conduct of the sale, including any postponements, is governed by Civil Code section 2924g. The property must be sold at public auction to the highest bidder (Cal. Civ. Code §2924g(a))." Moeller v. Lien, 25 Cal. App. 4th 822, 830 (Cal. App. 2d Dist. 1994), citations omitted. To initiate the foreclosure process, "The *trustee*, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in

the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default." Cal. Civ. Code §2924(a)(1), emphasis added. California law is clear in stating, "Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded." Cal. Civ. Code §2932.5. Trustees regularly foreclose on behalf of assignees for the original beneficiary. See, e.g. Block v. Tobin, 45 Cal. App. 3d 214, 218 (Cal. App. 1st Dist. 1975). When a mortgage is sold, physical transfer of the note is not required. See, e.g. In re Golden Plan of Cal., Inc., 829 F.2d 705, 708-11 (9th Cir. Cal. 1986) (agreement transferring proceeds of note, including hiring agent to handle monthly payment collections and potential foreclosure proceedings, but no physical transfer of mortgage note was nevertheless a sale). "There is no requirement in California that the holder of a note be in actual physical possession of it in order to foreclose. See Cal. Com. Code § 3309." Pineda v. Saxon Mortg. Services, Inc., 2008 U.S. Dist. LEXIS 102439, *7 n.2 (C.D. Cal., Dec. 10, 2008).

     This case is similar to several others filed by the Roth law firm representing homeowners seeking to forestall foreclosure; it appears that all of these complaints include similar (in some cases identical) boilerplate allegations. See Candelo v. NDEX West, LLC, 2008 U.S. Dist. LEXIS 105926, *3-4 (E.D. Cal., Dec. 23, 2008); Chavez v. Recontrust Co., 2008 U.S. Dist. LEXIS 104060, *2-4 (E.D. Cal., Dec. 11, 2008); Vargas v. Recontrust Co., 2008 U.S. Dist. LEXIS 100115, *2-3 (E.D. Cal., Dec. 1, 2008); Putkkuri v. Recontrust Co., 2009 U.S. Dist. LEXIS 32, *2-3 (S.D. Cal., Jan. 5, 2009); Barsekian v. First American Loanstar Trustee Services, 2009 WL 56893, *1 (C.D. Cal., Jan. 6, 2009); Pineda v. Saxon Mortg. Services, Inc., 2008 U.S. Dist. LEXIS 102439, *1-2 (C.D. Cal., Dec. 10, 2008). The courts have uniformly found that these allegations do not state a claim under any of the laws cited by Plaintiff in his complaint: the Rosenthal Fair Debt Collections Act, Federal Fair Debt Collections Act, Real Estate Settlement Procedures Act, Home Ownership and Equity Protection Act, Truth in Lending Act, Regulation Z, Federal Trade Commission Act, and the Racketeering and Corrupt Organizations statutes.

Plaintiff has failed to state a claim. However, the court will not dismiss the action with prejudice as the exact facts of the case are unknown due to the boilerplate nature of the complaint. Leave to amend is granted to allow Plaintiff to clarify her allegations.

### IV. Order

Defendant's motion to dismiss is GRANTED. Plaintiff's complaint and all causes of action are DISMISSED without prejudice and with leave to amend. If Plaintiff wishes to proceed with this case, she must file an amended complaint within thirty (30) days of the filing of this order. Failure to timely file an amended complaint will result in closure of this case.

IT IS SO ORDERED.

Dated:  August 18, 2009                    /s/ Anthony W. Ishii
                                           CHIEF UNITED STATES DISTRICT JUDGE